# Exhibit 1



US POSTAGE

quadient
FIRST-CLASS MAIL
IMI
$017.55 °
08/18/2025 ZIP 40601
043M31268529

Brandi Duvall, Warren Circuit Clerk
1001 Center Street, Suite 102
Bowling Green, KY 42101-2184

Case Number: 25-CI-01409



**USPS CERTIFIED MAIL**

9236 0901 9403 8328 1821 72

Restricted Delivery

CT CORPORATION SYSTEM
306 W MAIN ST, STE 512
FRANKFORT, KY 40601
Case Number: 25-CI-01409

Package : 000001 of 000016

Presiding Judge: HON. JOHN R. GRISE (608217)

ackage : 000001 of 000016



**KCOJ eFiling Cover Sheet**

Case Number: 25-CI-01409

Envelope Number: 11350585

Package Retrieval Number: 1135058573562886@00000455142

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 19.42

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.





| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #: **25-CI-01409**<br>Court: **CIRCUIT**<br>County: **WARREN** |

*Plaintiff,* **PRYOR, ROBERT VS. BUC-EE'S SMITHS GROVE, LLC ET AL,** *Defendant*

TO: **CT CORPORATION SYSTEM**

    **306 W MAIN ST, STE 512**

    **FRANKFORT, KY 40601**

Memo: Related party is BUC-EE'S SMITHS GROVE, LLC

The Commonwealth of Kentucky to Defendant:
**BUC-EE'S SMITHS GROVE, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                        /s/ Brandi Duvall, Warren
                        Circuit Clerk
                        Date: **8/15/2025**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____       _____
                                          Served By

                                          _____
                                             Title



                               Page 1 of 1

 

## COMMONWEALTH OF KENTUCKY
## 8TH JUDICIAL CIRCUIT
## WARREN CIRCUIT COURT
## DIVISION ___
## JUDGE, HON. _____
## CIVIL ACTION NO. 25-CI-_____

*[ELECTRONICALLY FILED]*

ROBERT PRYOR                                                                    PLAINTIFF

VS.                               **COMPLAINT**
                **AND REQUEST FOR PRODUCTION OF DOCUMENTS**

BUC-EE'S SMITHS GROVE, LLC

**Serve via registered agent:**

    CT CORPORATION SYSTEM
    306 W MAIN ST, STE 512
    FRANKFORT, KY 40601

-AND-

BUC-EE'S, LTD.

**Serve via secretary of state, who will then serve registered agent:**

    CT Corporation System
    1999 Bryan St, Ste 900
    Dallas, TX 75201-3136                                    DEFENDANTS

COMES NOW the Plaintiff, ROBERT PRYOR ("PRYOR" or "PLAINTIFF"), by and through

counsel, for his Complaint against the Defendants, and hereby states unto this Honorable Court as follows:

### NOTICE OF COMPLIANCE WITH KRS 411.188

1. Plaintiff, through his attorneys, will notify the following parties who are believed to hold

subrogation rights in this matter:

    a. VA – John Dingell Medical Center, NCCCPAC/Detroit, Attn: FRM/FRT, 4646 John R St, Detroit, MI 48201. CC: N. Rene Lindsey, Paralegal Specialist, Department of Veterans Affairs, Office of General Counsel, Revenue Law Group, Email: nichole.lindsey@va.gov REF: 553-P-20250408-45129

1



2. If you are party listed above, who is believed to hold subrogation rights in this matter, please note that a failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, will result in a loss of those rights with respect to any final award received by the Plaintiff.

### PARTIES

3. At all times relevant hereto, the Plaintiff, ROBERT PRYOR was a citizen and resident of the State of Michigan.

4. At all times relevant hereto, the Defendant, Buc-ee's Smiths Grove, LLC is a limited liability company organized under the laws of the state of Delaware, licensed to do business within the Commonwealth of Kentucky. At all times relevant hereto, Buc-ee's Smiths Grove, LLC was believed to have controlled, occupied, managed, designed, built and/or maintained the exterior of property located at 4001 Smiths Grove-Scottsville Rd, Smiths Grove, KY 42171. ("Premises").

5. Defendant Buc-ee's Smiths Grove, LLC can be served via its registered agent, listed above.

6. At all times relevant hereto, the Defendant, Buc-ee's Ltd. is a foreign limited partnership organized under the laws of the state of Texas, which has a principal place of business in Lake Jackson, Texas.

7. Buc-ee's locations, including the Premises, have a consistent design which is uniform across stores, including the placement of handicap parking stalls with wheel stops and bollards near the store entrances.

8. Upon information and belief, all of the Buc-ee's locations, including Buc-ee's of Smiths Grove, LLC are owned and operated by Buc-ee's Ltd.

9. At all times relevant hereto, through their effective corporate relationship Defendants are believed to have controlled, occupied, managed, designed, built and/or maintained the exterior of property located at 4001 Smiths Grove-Scottsville Rd, Smiths Grove, KY 42171. As used in this complaint "Buc-ee's" is inclusive of both Buc-ee's Ltd. and/or Buc-ee's Smiths Grove LLC.

10. Defendant Buc-ee's Ltd. can be served via secretary of state, who will serve the registered agent listed above.

2

## JURISDICTION AND VENUE

11. The circumstances giving rise to this Complaint took place in Warren County, Kentucky therefore venue is appropriate in the Warren Circuit Court. Jurisdiction is proper in the Warren Circuit Court as the damages amount claimed from each and every Defendant sued herein exceed the jurisdictional minimums of any and all trial courts at any level located in the Commonwealth of Kentucky.

## FACTUAL ALLEGATIONS

12. In 2019, Buc-ee's Ltd. began expanding its operations outside of the State of Texas.

13. To the best of Plaintiff's belief, since 2019, most, if not all, of the Buc-ee's stores built have included handicap parking with wheel stops and bollards near the entrances to the stores.

14. A bollard is a post used to prevent vehicle incursions into pedestrian areas and delineate parking areas.

15. Bollards can have vertical signage attached to them, such as a handicap parking sign.

16. According to the plans for the Premises, the bollards at the Premises were supposed to be painted safety yellow, alerting pedestrians of a potential hazard.

17. Instead, the bollards at the Premises were painted blue.

18. A wheel stop is a horizontal bar, used to prevent vehicle incursions into pedestrian areas and delineate parking areas.

19. Wheel stops are also known as parking blocks, curb stops, or bumper blocks.

20. Hereinafter, the term "wheel stop" is inclusive of all terms contained in Paragraph 19.

21. A wheel stop is unnecessary when a bollard is present as their functions are duplicative.

22. Prior to September 3, 2024 Buc-ee's caused the wheel stops at the Premises to be placed with the same or similar color blue as the bollards at the Premises.

23. The paint outlining the handicap parking spaces at the Premises were also painted the same or similar blue color.

24. No applicable code required both a bollard and a wheel stop to be used at the Premises.

25. A wheel stop presents a recognized tripping hazard.

3

26. A bollard does not present a recognized tripping hazard.

27. A feasible alternative design would be simply not to place the wheel stops at the Premises.

28. Another feasible alternative design would be to mark the wheel stops with reflective tape.

29. Some of the Buc-ee's stores opened since 2019 subsequently elected to mark the wheel stops located at the handicap areas with reflective red and white tape prior to September 3, 2024.

30. In fact, the Smiths Grove Buc-ee's now has reflective red and white tape marking the wheel stops.

31. However, no reflective red and white tape was present on the wheel stops at the Premises on September 3, 2024.

32. Buc-ee's knew or should have known that the use of bollards and wheel stops at the Premises presented a pedestrian safety hazard due to prior incidents involving customer trip and falls over wheel stops at its locations, including:

    a. On January 10, 2022, a patron tripped and fell over a wheel stop at the Calhoun, Georgia store, suffering injury.

    b. On December 2, 2023 a patron tripped and fell over a wheel stop at the Crossville, Tennessee store, suffering injury.

33. In both the Calhoun and Crossville incidents, patrons stated they did not notice the wheel stops prior to their respective falls.

34. Removal of the wheel stops would have stopped the Calhoun incident, the Crossville incident, and this Incident.

35. Upon information and belief, between 2019 and September 3, 2024, other individuals have tripped over the wheel stops at Buc-ee's locations throughout the country and been injured.

36. On September 3, 2024, Plaintiff was walking into the Buc-ee's store located in Smiths Grove, Warren County, Kentucky and previously identified as the Premises.

37. While walking into the store, Plaintiff tripped over a wheel stop at a handicap stall and fell ("Incident").

4

38. Plaintiff suffered serious injuries as a result of his trip and fall, including a rupture and surgical repair of his left tricep tendon.

39. Plaintiff is a veteran and his care was furnished care by the John Dingell Medical Center, valued at $29,243.69 in reasonable and related medical expenses.

40. The Incident was caused by the negligence of the Defendant(s) who knew or should have known about the hazard caused by placing unnecessary wheel stops in known pedestrian walking areas.

41. The Incident described above caused PLAINTIFF to incur medical expenses, and pain and suffering relating to his injuries. Upon information and belief these injuries and their complications are permanent and may cause PLAINTIFF to incur future medical expenses and pain and suffering relating to his injuries.

## COUNT I: NEGLIGENCE/GROSS NEGLIGENCE

42. PLAINTIFF hereby incorporates by reference as if fully set forth herein the allegations set forth above.

43. As controller, occupier, manager, designer, builder and/or maintainer of the exterior of property of the Premises, DEFENDANT(S) by and through their agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep said Premises safe for the use of their patrons, such as PLAINTIFF and to exercise reasonable care for their safety.

44. As a direct and proximate result of the negligent acts and/or omissions of the Defendant(s), whether by and through their respective agents, ostensible agents, servants, employees and/or other representatives, the PLAINTIFF, a business invitee, who was exercising due care for his own safety, was injured by a dangerous condition which was created, allowed to develop, and/or not properly warned of by the Defendant(s), while lawfully and properly on the Defendants' Premises.

45. The Defendant(s) breached their duty of care owed to the PLAINTIFF during and before the Incident.

46. The Defendant(s) breach(es) actually caused PLAINTIFF's injuries, as described above. DEFENDANT's breach(es) was/were substantial factor(s) in causing PLAINTIFF's injuries.

5

47. PLAINTIFF is entitled to recover compensatory damages for those injuries.

48. These breaches (in light of the persistent pattern of conduct and ample warning due to similar previous incidents) were grossly negligent, and Plaintiff is further entitled to recover punitive damages under the common law of the Commonwealth of Kentucky.

## COUNT II: PRE- AND POST-JUDGMENT INTEREST

49. PLAINTIFF hereby incorporates by reference as if fully set forth herein the allegations set forth above.

50. To the extent that PLAINTIFF(s) may be entitled to pre- and/or post-judgment interest for any award against any named or referenced party herein, such claims are hereby made.

WHEREFORE, the PLAINTIFF demands judgment against the named Defendant(s), as follows:

1. For such sums of money as will compensate for PLAINTIFF's actual and consequential damages; AND

2. An award of punitive damages; AND

3. An award of reasonable attorneys' fees; AND

4. For PLAINTIFF's costs expended herein, including expert witness fees and attorney's fees; AND

5. For an award of both pre- and post-judgment interest; AND

6. For a trial by jury; AND

7. For any and all other relief to which PLAINTIFF may be deemed entitled.

Respectfully submitted this 15th day of August 2025.

/s/ Timothy L. Stevenson
Timothy L. Stevenson, Esq.
KENTUCKY INJURY LAW CENTER
1542 US 31W BYPASS #7
BOWLING GREEN, KY 42101
PHONE: (270) 846-9303
FAX: (270) 398-4497
tim@wehelpkentucky.com
Counsel for Plaintiff

6

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  Pursuant to CR 26.02(2) and/or 34.01 please produce the following for inspection by counsel within forty-five (45) days of service:

    a.  Any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    b.  Any and all photos and video relating to the Incident;

    c.  Any and all customer personal injury forms relating to the Incident;

    d.  Any and all customer statement and information forms relating to the Incident;

    e.  Any and all customer personal injury forms relating to any and all trip and falls that occurred at the Buc-ee's of Smiths Grove where the customer tripped on a wheel stop from date of construction until present;

    f.  Any and all customer statement and information forms relating to any and all trip and falls that occurred at the Buc-ee's of Smiths Grove where the customer tripped on a wheel stop from date of construction until present;

    g.  Any and all video/photos relating to any and all trip and falls that occurred at the Buc-ee's of Smiths Grove where the customer tripped on a wheel stop from date of construction until present;

    h.  A copy of any and all customer personal injury forms relating to any and all trip and falls that occurred at any and all Buc-ee's opened between January 1, 2019 and September 3, 2024 where the customer tripped on a wheel stop;

    i.  A copy of any and all customer statement and information forms relating to any and all trip and falls that occurred at any and all Buc-ee's opened between January 1, 2019 and September 3, 2024 where the customer tripped on a wheel stop;

7

j.  Any and all video/photos relating to any and all trip and falls that occurred at any and all Buc-ee's opened between January 1, 2019 and September 3, 2024 where the customer tripped on a wheel stop;

k.  A copy of any and all internal memoranda or similar documents discussing tripping hazards posed by wheel stops and/or their prevention generated at any time between January 1, 2019 and September 3, 2024.

l.  A copy of any and all internal memoranda or similar documents discussing placement of reflective tape on wheel stops between January 1, 2019 and September 3, 2024.

m.  Receipts/contracts for the placement of the wheel stops at the Buc-ee's in Smiths Grove, Kentucky.

n.  Receipts/contracts for the placement of the reflective red and white tape now present on the wheel stops at the Buc-ee's in Smiths Grove, Kentucky.

o.  A copy of any and all parking lot/exterior walking-working surface design guidelines you followed for construction of Buc-ee's stores between January 1, 2019 and September 3, 2024.

p.  A copy of any and all parking lot/exterior walking-working surface safety guidelines you followed for construction of Buc-ee's stores between January 1, 2019 and September 3, 2024.

q.  A copy of any and all internal communications, emails, or messages regarding placement of wheel stops at Buc-ee's locations generated between January 1, 2019 and September 3, 2024.

r.  A copy of any and all internal communications, emails, or messages regarding placement of reflective tape on wheel stops to increase visibility between January 1, 2019 and September 3, 2024.

8

s.  A copy of any and all internal communications, emails, or messages regarding discussing tripping hazards posed by wheel stops and/or their prevention at Buc-ee's locations generated between January 1, 2019 and September 3, 2024.

t.  A copy of any and all standard operating procedures, by whatever name, relating to the maintenance of the exterior of the Premises in effect from opening to September 3, 2024.

u.  A copy of any and all incident reports relating to the Incident.

Respectfully submitted this 15th day of August 2025.

> /s/ Timothy L. Stevenson
> Timothy L. Stevenson, Esq.
> KENTUCKY INJURY LAW CENTER
> 1542 US 31W BYPASS #7
> BOWLING GREEN, KY 42101
> PHONE: (270) 846-9303
> FAX: (270) 398-4497
> tim@wehelpkentucky.com
> *Counsel for Plaintiff*

| AOC-104 | Doc. Code: CCCS | | Case No.: 25-CI |
| Rev. 1-24 | | | Court: Circuit |
| Page 1 of 1 | | | County: Warren |
| Commonwealth of Kentucky Court of Justice *www.kycourts.gov* | | **CIVIL CASE COVER SHEET** | Division: |

**PLAINTIFF/PETITIONER** *OR* **IN RE/IN THE INTEREST OF:**
Robert Pryor

**DEFENDANT/RESPONDENT,** *if applicable:*
Buc-ee's Smiths Grove, LLC & Buc-ee's, Ltd.

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF**
(a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place a "X" to the left of the *ONE* case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS** *eFile Only*
☐ Dissolution/Divorce with Children (DISSOC)
☐ Dissolution/Divorce without Children (DISSO)
☐ Paternity (PA)
☐ Custody (CUSTO)
☐ Child Support IV-D (SUPIV)
☐ Child Support Private Non IV-D (SUPPRI)
☐ URESA/UIFSA (UR)
☐ Visitation/Parenting Time (VISIT)
☐ Voluntary Termination of Parental Rights (VTPR)
☐ Involuntary Termination of Parental Rights (ITPR)
☐ Adoption (ADPT)
☐ Other: (DFOTH) *eFile not required*

**PROBATE / ESTATE** *eFile Only*
☐ Guardianship-Adult (GCADLT) *eFile not required*
☐ Guardianship-Juvenile (GCJUV)
☐ Adult Conservatorship - Trusteeship (CONSVA)
☐ Juvenile Conservatorship - Trusteeship (CONSVJ)
☐ Probate-Testate (with a will) (PBTEST)
☐ Probate-Intestate (without a will) (PBINT)
☐ Petition to Dispense with Administration (PBDIS)
☐ Name Change (NC)
☐ Will Contest (WC)
☐ Other: (PBOTH) *eFile not required*

**TORT** (Injury) *eFile Only*
☐ Automobile (AUTO)
☐ Intentional (INTENT)
☐ Malpractice-Medical (MDML)
☐ Malpractice-Other (MLOTH)

☑ Premises Liability (PREM)
☐ Product Liability (PROD)
☐ Property Damage (PD)
☐ Slander/Libel/Defamation (SLAND)
☐ Other: (PIOTH)

**REAL PROPERTY**
☐ Abandoned and Blighted Property Conservatorship (PC) *eFile Only*
☐ Property Rights (PR) *eFile Only*
☐ Condemnation (DOMAIN)
☐ Forcible Detainer - Eviction (FD) *eFile Only*
☐ Forcible Entry (FENTRY)
☐ Foreclosure (FCL) *eFile Only*
☐ Other: (COOTH) *eFile Only*

**EMPLOYMENT** *eFile Only*
☐ Employment-Discrimination (DSCR)
☐ Employment-Other (DISPU)

**CONSUMER** *eFile Only*
☐ Seller Consumer Goods (DEBTG)
☐ Seller Consumer Services (DEBTS)
☐ Buyer Consumer Goods (BUYERG)
☐ Buyer Consumer Services (BUYERS)
☐ Credit Card Debt (CREDIT)
☐ Fraud (FRAUD)
☐ Other: (COOTH)

**APPEALS**
☐ Appeal from Administrative Agency (AB)
☐ Appeal from District Court (XI)
☐ Other: (OTH)

**MISC CIVIL**
☐ Constitutional Challenge (CCHAL)
☐ Habeas Corpus (HABEAS)
☐ Non-Domestic Relations Restraining Order (IP)
☐ Tax (TAX)
☐ Writs (WRITS)
☐ Other: (OTH)

**BUSINESS/COMMERCIAL** *eFile Only*
☐ Business Tort (BCPI)
☐ Statutory Action (BCSA)
☐ Business Contract Dispute (BCCO)
☐ Other: (BCOTH)

**Filed**     **25-CI-01409**     **08/15/2025**          **Brandi Duvall, Warren Circuit Clerk**



FIRST-CLASS

CERTIFIED MAIL™

9202 9922 6770 0103 3598 68

MICHAEL _____
SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ REGISTER TO VOTE

RETURN RECEIPT REQUESTED

BUC-EE'S, LTD.
CT CORPORATION SYSTEM
1999 BRYAN ST, STE 900
DALLAS, TX 75201-3136



**Michael G. Adams**
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

August 18, 2025

BUC-EE"S, LTD.
CT CORPORATION SYSTEM
1999 BRYAN ST, STE 900
DALLAS, TX 752013136

FROM:    SUMMONS DIVISION
         SECRETARY OF STATE

RE:      CASE NO: 25-CI-01409

COURT:  Circuit Court Clerk
        Warren County
        1001 Center St., Ste 102
        Bowling Green, KY 42102-2184
        Phone: (270) 746-7400

Legal action has been filed against you in the captioned case.  As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

    **(1)  Your attorney, or**
    **(2)  The attorney filing this suit whose name should appear on**
        **the last page of the complaint, or**
    **(3)  The court or administrative agency in which the suit is filed**
        **at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case.  Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-E-105        Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **25-CI-01409**<br>Court:   **CIRCUIT**<br>County: **WARREN** |

*Plantiff,* **PRYOR, ROBERT VS. BUC-EE'S SMITHS GROVE, LLC ET AL**, *Defendant*

TO:  **BUC-EE'S, LTD.**
     **CT CORPORATION SYSTEM**
     **1999 BRYAN ST, STE 900**
     **DALLAS, TX 752013136**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                         /s/ Brandi Duvall, Warren
                         Circuit Clerk
                         Date: **8/15/2025**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____

                               _____
                                       Served By

                               _____
                                         Title

*(right margin, vertical text)* Package : 000002 of 000012

*(right margin, vertical text)* Presiding Judge: HON. JOHN R. GRISE (608217)

*(right margin, vertical text)* Package : 000002 of 000012

Summons ID: 1135058573562884@00000455141
CIRCUIT: 25-CI-01409 Long Arm Statute – Secretary of State
PRYOR, ROBERT VS. BUC-EE'S SMITHS GROVE, LLC ET AL



*eFiled*

Filed          25-CI-01409    08/15/2025          Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025          /s/Brandi Duvall, Warren Circuit Clerk

# COMMONWEALTH OF KENTUCKY
## 8TH JUDICIAL CIRCUIT
## WARREN CIRCUIT COURT
## DIVISION ____
### JUDGE, HON. _____
### CIVIL ACTION NO. 25-CI-_____

*[ELECTRONICALLY FILED]*

ROBERT PRYOR                                                                PLAINTIFF

VS.                            **COMPLAINT**
        **AND REQUEST FOR PRODUCTION OF DOCUMENTS**

BUC-EE'S SMITHS GROVE, LLC

**Serve via registered agent:**

    CT CORPORATION SYSTEM
    306 W MAIN ST, STE 512
    FRANKFORT, KY 40601

-AND-

BUC-EE'S, LTD.

**Serve via secretary of state, who will then serve registered agent:**

    CT Corporation System
    1999 Bryan St, Ste 900
    Dallas, TX 75201-3136                                    DEFENDANTS

COMES NOW the Plaintiff, ROBERT PRYOR ("PRYOR" or "PLAINTIFF"), by and through

counsel, for his Complaint against the Defendants, and hereby states unto this Honorable Court as follows:

### NOTICE OF COMPLIANCE WITH KRS 411.188

1. Plaintiff, through his attorneys, will notify the following parties who are believed to hold

subrogation rights in this matter:

    a. VA – John Dingell Medical Center, NCCCPAC/Detroit, Attn: FRM/FRT, 4646 John R St,
    Detroit, MI 48201. CC: N. Rene Lindsey, Paralegal Specialist, Department of Veterans
    Affairs, Office of General Counsel, Revenue Law Group, Email: nichole.lindsey@va.gov
    REF: 553-P-20250408-45129

1

Filed          25-CI-01409    08/15/2025          Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025          /s/Brandi Duvall, Warren Circuit Clerk

Package : 000003 of 000012          Presiding Judge: HON. JOHN R. GRISE (608217)          Package : 000003 of 000012

Filed            25-CI-01409   08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest   25-CI-01409   08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

2.   If you are party listed above, who is believed to hold subrogation rights in this matter, please note that a failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, will result in a loss of those rights with respect to any final award received by the Plaintiff.

### PARTIES

3.   At all times relevant hereto, the Plaintiff, ROBERT PRYOR was a citizen and resident of the State of Michigan.

4.   At all times relevant hereto, the Defendant, Buc-ee's Smiths Grove, LLC is a limited liability company organized under the laws of the state of Delaware, licensed to do business within the Commonwealth of Kentucky. At all times relevant hereto, Buc-ee's Smiths Grove, LLC was believed to have controlled, occupied, managed, designed, built and/or maintained the exterior of property located at 4001 Smiths Grove-Scottsville Rd, Smiths Grove, KY 42171.  ("Premises").

5.   Defendant Buc-ee's Smiths Grove, LLC can be served via its registered agent, listed above.

6.   At all times relevant hereto, the Defendant, Buc-ee's Ltd. is a foreign limited partnership organized under the laws of the state of Texas, which has a principal place of business in Lake Jackson, Texas.

7.   Buc-ee's locations, including the Premises, have a consistent design which is uniform across stores, including the placement of handicap parking stalls with wheel stops and bollards near the store entrances.

8.   Upon information and belief, all of the Buc-ee's locations, including Buc-ee's of Smiths Grove, LLC are owned and operated by Buc-ee's Ltd.

9.   At all times relevant hereto, through their effective corporate relationship Defendants are believed to have controlled, occupied, managed, designed, built and/or maintained the exterior of property located at 4001 Smiths Grove-Scottsville Rd, Smiths Grove, KY 42171.  As used in this complaint "Buc-ee's" is inclusive of both Buc-ee's Ltd. and/or Buc-ee's Smiths Grove LLC.

10.   Defendant Buc-ee's Ltd. can be served via secretary of state, who will serve the registered agent listed above.

Filed            25-CI-01409   08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest   25-CI-01409   08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

Package : 000004 of 000012

Presiding Judge: HON. JOHN R. GRISE (608217)

Package : 000004 of 000012

Filed              25-CI-01409    08/15/2025              Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025              /s/Brandi Duvall, Warren Circuit Clerk

### JURISDICTION AND VENUE

11. The circumstances giving rise to this Complaint took place in Warren County, Kentucky therefore venue is appropriate in the Warren Circuit Court. Jurisdiction is proper in the Warren Circuit Court as the damages amount claimed from each and every Defendant sued herein exceed the jurisdictional minimums of any and all trial courts at any level located in the Commonwealth of Kentucky.

### FACTUAL ALLEGATIONS

12. In 2019, Buc-ee's Ltd. began expanding its operations outside of the State of Texas.

13. To the best of Plaintiff's belief, since 2019, most, if not all, of the Buc-ee's stores built have included handicap parking with wheel stops and bollards near the entrances to the stores.

14. A bollard is a post used to prevent vehicle incursions into pedestrian areas and delineate parking areas.

15. Bollards can have vertical signage attached to them, such as a handicap parking sign.

16. According to the plans for the Premises, the bollards at the Premises were supposed to be painted safety yellow, alerting pedestrians of a potential hazard.

17. Instead, the bollards at the Premises were painted blue.

18. A wheel stop is a horizontal bar, used to prevent vehicle incursions into pedestrian areas and delineate parking areas.

19. Wheel stops are also known as parking blocks, curb stops, or bumper blocks.

20. Hereinafter, the term "wheel stop" is inclusive of all terms contained in Paragraph 19.

21. A wheel stop is unnecessary when a bollard is present as their functions are duplicative.

22. Prior to September 3, 2024 Buc-ee's caused the wheel stops at the Premises to be placed with the same or similar color blue as the bollards at the Premises.

23. The paint outlining the handicap parking spaces at the Premises were also painted the same or similar blue color.

24. No applicable code required both a bollard and a wheel stop to be used at the Premises.

25. A wheel stop presents a recognized tripping hazard.

Package : 000005 of 000012

Presiding Judge: HON. JOHN R. GRISE (608217)

Package : 000005 of 000012

3

Filed              25-CI-01409    08/15/2025              Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025              /s/Brandi Duvall, Warren Circuit Clerk

Filed          25-CI-01409    08/15/2025    Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025    /s/Brandi Duvall, Warren Circuit Clerk

26. A bollard does not present a recognized tripping hazard.

27. A feasible alternative design would be simply not to place the wheel stops at the Premises.

28. Another feasible alternative design would be to mark the wheel stops with reflective tape.

29. Some of the Buc-ee's stores opened since 2019 subsequently elected to mark the wheel stops located at the handicap areas with reflective red and white tape prior to September 3, 2024.

30. In fact, the Smiths Grove Buc-ee's now has reflective red and white tape marking the wheel stops.

31. However, no reflective red and white tape was present on the wheel stops at the Premises on September 3, 2024.

32. Buc-ee's knew or should have known that the use of bollards and wheel stops at the Premises presented a pedestrian safety hazard due to prior incidents involving customer trip and falls over wheel stops at its locations, including:

     a. On January 10, 2022, a patron tripped and fell over a wheel stop at the Calhoun, Georgia store, suffering injury.

     b. On December 2, 2023 a patron tripped and fell over a wheel stop at the Crossville, Tennessee store, suffering injury.

33. In both the Calhoun and Crossville incidents, patrons stated they did not notice the wheel stops prior to their respective falls.

34. Removal of the wheel stops would have stopped the Calhoun incident, the Crossville incident, and this Incident.

35. Upon information and belief, between 2019 and September 3, 2024, other individuals have tripped over the wheel stops at Buc-ee's locations throughout the country and been injured.

36. On September 3, 2024, Plaintiff was walking into the Buc-ee's store located in Smiths Grove, Warren County, Kentucky and previously identified as the Premises.

37. While walking into the store, Plaintiff tripped over a wheel stop at a handicap stall and fell ("Incident").

Filed          25-CI-01409    08/15/2025    Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025    /s/Brandi Duvall, Warren Circuit Clerk

Package : 000006 of 000012

Presiding Judge: HON. JOHN R. GRISE (608217)

Package : 000006 of 000012

Filed              25-CI-01409    08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

38. Plaintiff suffered serious injuries as a result of his trip and fall, including a rupture and surgical repair of his left tricep tendon.

39. Plaintiff is a veteran and his care was furnished care by the John Dingell Medical Center, valued at $29,243.69 in reasonable and related medical expenses.

40. The Incident was caused by the negligence of the Defendant(s) who knew or should have known about the hazard caused by placing unnecessary wheel stops in known pedestrian walking areas.

41. The Incident described above caused PLAINTIFF to incur medical expenses, and pain and suffering relating to his injuries. Upon information and belief these injuries and their complications are permanent and may cause PLAINTIFF to incur future medical expenses and pain and suffering relating to his injuries.

## COUNT I: NEGLIGENCE/GROSS NEGLIGENCE

42. PLAINTIFF hereby incorporates by reference as if fully set forth herein the allegations set forth above.

43. As controller, occupier, manager, designer, builder and/or maintainer of the exterior of property of the Premises, DEFENDANT(S) by and through their agents, ostensible agents, servants, employees, and/or other representatives, had a duty to maintain and keep said Premises safe for the use of their patrons, such as PLAINTIFF and to exercise reasonable care for their safety.

44. As a direct and proximate result of the negligent acts and/or omissions of the Defendant(s), whether by and through their respective agents, ostensible agents, servants, employees and/or other representatives, the PLAINTIFF, a business invitee, who was exercising due care for his own safety, was injured by a dangerous condition which was created, allowed to develop, and/or not properly warned of by the Defendant(s), while lawfully and properly on the Defendants' Premises.

45. The Defendant(s) breached their duty of care owed to the PLAINTIFF during and before the Incident.

46. The Defendant(s) breach(es) actually caused PLAINTIFF's injuries, as described above. DEFENDANT's breach(es) was/were substantial factor(s) in causing PLAINTIFF's injuries.

5

Package : 000007 of 000012                    Presiding Judge: HON. JOHN R. GRISE (608217)                    Package : 000007 of 000012

Filed              25-CI-01409    08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

Filed          25-CI-01409    08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

47. PLAINTIFF is entitled to recover compensatory damages for those injuries.

48. These breaches (in light of the persistent pattern of conduct and ample warning due to similar previous incidents) were grossly negligent, and Plaintiff is further entitled to recover punitive damages under the common law of the Commonwealth of Kentucky.

### COUNT II: PRE- AND POST-JUDGMENT INTEREST

49. PLAINTIFF hereby incorporates by reference as if fully set forth herein the allegations set forth above.

50. To the extent that PLAINTIFF(s) may be entitled to pre- and/or post-judgment interest for any award against any named or referenced party herein, such claims are hereby made.

WHEREFORE, the PLAINTIFF demands judgment against the named Defendant(s), as follows:

1. For such sums of money as will compensate for PLAINTIFF's actual and consequential damages; AND

2. An award of punitive damages; AND

3. An award of reasonable attorneys' fees; AND

4. For PLAINTIFF's costs expended herein, including expert witness fees and attorney's fees; AND

5. For an award of both pre- and post-judgment interest; AND

6. For a trial by jury; AND

7. For any and all other relief to which PLAINTIFF may be deemed entitled.

Respectfully submitted this 15th day of August 2025.

/s/ Timothy L. Stevenson
Timothy L. Stevenson, Esq.
KENTUCKY INJURY LAW CENTER
1542 US 31W BYPASS #7
BOWLING GREEN, KY 42101
PHONE: (270) 846-9303
FAX: (270) 398-4497
tim@wehelpkentucky.com
Counsel for Plaintiff

6

Package : 000008 of 000012

Presiding Judge: HON. JOHN R. GRISE (608217)

Package : 000008 of 000012

Filed            25-CI-01409    08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Pursuant to CR 26.02(2) and/or 34.01 please produce the following for inspection by counsel within forty-five (45) days of service:

    a. Any and all insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    b. Any and all photos and video relating to the Incident;

    c. Any and all customer personal injury forms relating to the Incident;

    d. Any and all customer statement and information forms relating to the Incident;

    e. Any and all customer personal injury forms relating to any and all trip and falls that occurred at the Buc-ee's of Smiths Grove where the customer tripped on a wheel stop from date of construction until present;

    f. Any and all customer statement and information forms relating to any and all trip and falls that occurred at the Buc-ee's of Smiths Grove where the customer tripped on a wheel stop from date of construction until present;

    g. Any and all video/photos relating to any and all trip and falls that occurred at the Buc-ee's of Smiths Grove where the customer tripped on a wheel stop from date of construction until present;

    h. A copy of any and all customer personal injury forms relating to any and all trip and falls that occurred at any and all Buc-ee's opened between January 1, 2019 and September 3, 2024 where the customer tripped on a wheel stop;

    i. A copy of any and all customer statement and information forms relating to any and all trip and falls that occurred at any and all Buc-ee's opened between January 1, 2019 and September 3, 2024 where the customer tripped on a wheel stop;

Filed            25-CI-01409    08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

Package : 000009 of 000012

Presiding Judge: HON. JOHN R. GRISE (608217)

Package : 000009 of 000012

Filed                25-CI-01409    08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest    25-CI-01409    08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

j.  Any and all video/photos relating to any and all trip and falls that occurred at any and all Buc-ee's opened between January 1, 2019 and September 3, 2024 where the customer tripped on a wheel stop;

k.  A copy of any and all internal memoranda or similar documents discussing tripping hazards posed by wheel stops and/or their prevention generated at any time between January 1, 2019 and September 3, 2024.

l.  A copy of any and all internal memoranda or similar documents discussing placement of reflective tape on wheel stops between January 1, 2019 and September 3, 2024.

m.  Receipts/contracts for the placement of the wheel stops at the Buc-ee's in Smiths Grove, Kentucky.

n.  Receipts/contracts for the placement of the reflective red and white tape now present on the wheel stops at the Buc-ee's in Smiths Grove, Kentucky.

o.  A copy of any and all parking lot/exterior walking-working surface design guidelines you followed for construction of Buc-ee's stores between January 1, 2019 and September 3, 2024.

p.  A copy of any and all parking lot/exterior walking-working surface safety guidelines you followed for construction of Buc-ee's stores between January 1, 2019 and September 3, 2024.

q.  A copy of any and all internal communications, emails, or messages regarding placement of wheel stops at Buc-ee's locations generated between January 1, 2019 and September 3, 2024.

r.  A copy of any and all internal communications, emails, or messages regarding placement of reflective tape on wheel stops to increase visibility between January 1, 2019 and September 3, 2024.

8

Package : 000010 of 000012

Presiding Judge: HON. JOHN R. GRISE (608217)

Package : 000010 of 000012

Filed                    25-CI-01409    08/15/2025        Brandi Duvall, Warren Circuit Clerk
A true copy attest       25-CI-01409    08/15/2025        /s/Brandi Duvall, Warren Circuit Clerk

  s. A copy of any and all internal communications, emails, or messages regarding discussing tripping hazards posed by wheel stops and/or their prevention at Buc-ee's locations generated between January 1, 2019 and September 3, 2024.

  t. A copy of any and all standard operating procedures, by whatever name, relating to the maintenance of the exterior of the Premises in effect from opening to September 3, 2024.

  u. A copy of any and all incident reports relating to the Incident.

Respectfully submitted this 15th day of August 2025.

/s/ Timothy L. Stevenson
Timothy L. Stevenson, Esq.
KENTUCKY INJURY LAW CENTER
1542 US 31W BYPASS #7
BOWLING GREEN, KY 42101
PHONE: (270) 846-9303
FAX: (270) 398-4497
tim@wehelpkentucky.com
Counsel for Plaintiff

Package : 000011 of 000012

Presiding Judge: HON. JOHN R. GRISE (608217)

Package : 000011 of 000012

9

Filed                25-CI-01409    08/15/2025    Brandi Duvall, Warren Circuit Clerk
A true copy attest   25-CI-01409    08/15/2025    /s/Brandi Duvall, Warren Circuit Clerk

AOC-104    Doc. Code: CCCS
Rev. 1-24
Page 1 of 1

Commonwealth of Kentucky
Court of Justice    www.kycourts.gov

**CIVIL CASE COVER SHEET**

Case No.: 25-CI
Court: Circuit
County: Warren
Division:

PLAINTIFF/PETITIONER *OR* IN RE/IN THE INTEREST OF:
Robert Pryor

DEFENDANT/RESPONDENT, *if applicable:*
Buc-ee's Smiths Grove, LLC & Buc-ee's, Ltd.

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF**
(a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:**    Place a "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS** *eFile Only*
☐ Dissolution/Divorce with Children (DISSOC)
☐ Dissolution/Divorce without Children (DISSO)
☐ Paternity (PA)
☐ Custody (CUSTO)
☐ Child Support IV-D (SUPIV)
☐ Child Support Private Non IV-D (SUPPRI)
☐ URESA/UIFSA (UR)
☐ Visitation/Parenting Time (VISIT)
☐ Voluntary Termination of Parental Rights (VTPR)
☐ Involuntary Termination of Parental Rights (ITPR)
☐ Adoption (ADPT)
☐ Other: (DFOTH) *eFile not required*

**PROBATE / ESTATE** *eFile Only*
☐ Guardianship-Adult (GCADLT) *eFile not required*
☐ Guardianship-Juvenile (GCJUV)
☐ Adult Conservatorship - Trusteeship (CONSVA)
☐ Juvenile Conservatorship - Trusteeship (CONSVJ)
☐ Probate-Testate (with a will) (PBTEST)
☐ Probate-Intestate (without a will) (PBINT)
☐ Petition to Dispense with Administration (PBDIS)
☐ Name Change (NC)
☐ Will Contest (WC)
☐ Other: (PBOTH) *eFile not required*

**TORT (Injury)** *eFile Only*
☐ Automobile (AUTO)
☐ Intentional (INTENT)
☐ Malpractice-Medical (MDML)
☐ Malpractice-Other (MLOTH)
☑ Premises Liability (PREM)
☐ Product Liability (PROD)
☐ Property Damage (PD)
☐ Slander/Libel/Defamation (SLAND)
☐ Other: (PIOTH)

**REAL PROPERTY**
☐ Abandoned and Blighted Property Conservatorship (PC) *eFile Only*
☐ Property Rights (PR) *eFile Only*
☐ Condemnation (DOMAIN)
☐ Forcible Detainer - Eviction (FD) *eFile Only*
☐ Forcible Entry (FENTRY)
☐ Foreclosure (FCL) *eFile Only*
☐ Other: (COOTH) *eFile Only*

**EMPLOYMENT** *eFile Only*
☐ Employment-Discrimination (DSCR)
☐ Employment-Other (DISPU)

**CONSUMER** *eFile Only*
☐ Seller Consumer Goods (DEBTG)
☐ Seller Consumer Services (DEBTS)
☐ Buyer Consumer Goods (BUYERG)
☐ Buyer Consumer Services (BUYERS)
☐ Credit Card Debt (CREDIT)
☐ Fraud (FRAUD)
☐ Other: (COOTH)

**APPEALS**
☐ Appeal from Administrative Agency (AB)
☐ Appeal from District Court (XI)
☐ Other: (OTH)

**MISC CIVIL**
☐ Constitutional Challenge (CCHAL)
☐ Habeas Corpus (HABEAS)
☐ Non-Domestic Relations Restraining Order (IP)
☐ Tax (TAX)
☐ Writs (WRITS)
☐ Other: (OTH)

**BUSINESS/COMMERCIAL** *eFile Only*
☐ Business Tort (BCPI)
☐ Statutory Action (BCSA)
☐ Business Contract Dispute (BCCO)
☐ Other: (BCOTH)

Filed                25-CI-01409    08/15/2025    Brandi Duvall, Warren Circuit Clerk
A true copy attest   25-CI-01409    08/15/2025    /s/Brandi Duvall, Warren Circuit Clerk

Package : 000012 of 000012                    Presiding Judge: HON. JOHN R. GRISE (608217)                    Package : 000012 of 000012

Filed                    25-CI-01409      09/10/2025              Brandi Duvall, Warren Circuit Clerk

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION 2
CIVIL ACTION NO. 25-CI-01409

*Electronically Filed*

ROBERT PRYOR                                                    PLAINTIFF

v.

BUC-EE'S SMITHS GROVE, LLC, *et al.*                            DEFENDANTS

### DEFENDANTS' ANSWER TO
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Buc-ee's Smiths Grove, LLC and Buc-ee's Ltd. (collectively "Buc-ee's" or "Defendants"), by counsel, for their Answer to the Complaint of Plaintiff Robert Pryor ("Pryor" or "Plaintiff"), hereby respectfully state as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Buc-ee's upon which relief may be granted.

### SECOND DEFENSE

### AS TO: "NOTICE OF COMPLIANCE WITH KRS 411.188"

1.      Buc-ee's states that numerical paragraph 1 and its subpart contain no allegations requiring a response from Buc-ee's. To the extent that a response is required, Buc-ee's is without knowledge or information sufficient to form a belief as to the allegations and therefore, denies those allegations.

Filed                    25-CI-01409      09/10/2025              Brandi Duvall, Warren Circuit Clerk

Filed            25-CI-01409        09/10/2025        Brandi Duvall, Warren Circuit Clerk

2.      Buc-ee's states that numerical paragraph 2 contains no allegations requiring a response from Buc-ee's.  To the extent that a response is required, Buc-ee's is without knowledge or information sufficient to form a belief as to the allegations and therefore, denies those allegations.

### AS TO: "PARTIES"

3.      Buc-ee's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 3 and, therefore, denies those allegations.

4.      With respect to the allegations contained in numerical paragraph 4, Buc-ee's admits that Buc-ee's Smiths Grove, LLC is a limited liability company organized under the laws of the State of Delaware and that it owns and operates facilities in Kentucky, including the premises located at 4001 Smiths Grove Scottsville Road, Smiths Grove, KY 42171. Buc-ee's denies the remaining allegations contained in numerical paragraph 4.

5.      The allegations in paragraph 5 state legal conclusions, to which no response is required.  To the extent that a response is required, Buc-ee's states that the registered agent for Buc-ee's Smiths Grove, LLC is correctly listed in the Complaint.

6.      Buc-ee's admits the allegations contained in numerical paragraph 6.

7.      With respect to the allegations in numerical paragraph 7, Buc-ee's admits that Buc-ee's stores are designed with some standard design features in the layouts of the premises, including compliance with applicable federal, state, and local laws and standards.  Buc-ee's denies the remaining averments contained in numerical paragraph 7.

8.      Buc-ee's denies the allegations contained in numerical paragraph 8.

Filed            25-CI-01409        09/10/2025        Brandi Duvall, Warren Circuit Clerk

Filed          25-CI-01409      09/10/2025          Brandi Duvall, Warren Circuit Clerk

9.      The allegations in numerical paragraph 9 state legal conclusions, to which no response is required.  To the extent that a response is required, Buc-ee's states that Buc-ee's Smiths Grove LLC owns and operates a store located at 4001 Smiths Grove Scottsville Road, Smiths Grove, KY 42171.

10.     The allegations in paragraph 10 state legal conclusions, to which no response is required.  To the extent that a response is required, Buc-ee's states that the registered agent for Buc-ee's Ltd. is correctly listed in the Complaint.

### AS TO: "JURDISDICTION AND VENUE"

11.     The allegations in numerical paragraph 11 state legal conclusions, to which no response is required.  To the extent that a response is required, Buc-ee's states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in numerical paragraph 11 and therefore, denies those allegations.

### AS TO: "FACTUAL ALLEGATIONS"

12.     Buc-ee's denies the allegations contained in numerical paragraph 12 as stated.

13.     With respect to the allegations in numerical paragraph 13, Buc-ee's states that its stores, including the store located at 4001 Smiths Grove Scottsville Road, Smiths Grove, KY 42171 described in Plaintiff's Complaint, comply with applicable laws and regulations with regard to accessibility, including with regard to handicap parking stalls.  Buc-ee's denies the remaining allegations contained in numerical paragraph 13.

14.     With respect to the allegations in numerical paragraph 14, Buc-ee's admits that bollards may be utilized to prevent vehicle incursion into pedestrian areas and to delineate

3

Filed          25-CI-01409      09/10/2025          Brandi Duvall, Warren Circuit Clerk

Filed          25-CI-01409      09/10/2025          Brandi Duvall, Warren Circuit Clerk

parking areas, amongst other uses.  Buc-ee's denies that these are the only uses for bollards.  Buc-ee's denies the remaining allegations contained in numerical paragraph 14.

15.     Buc-ee's admits the allegations in numerical paragraph 15.

16.     With respect to the allegations contained in numerical paragraph 16, Buc-ee's states that it complied with all duties owed to pedestrians, including Plaintiff, regarding warning of any potential hazards on the premises on the date and occasion complained of in Plaintiff's Complaint.  Further responding, Buc-ee's states that it is without knowledge regarding the "plans for the Premises" referenced in numerical paragraph 16 and therefore, denies those allegations.  Buc-ee's denies all remaining allegations contained in numerical paragraph 16.

17.     Buc-ee's admits the allegations in numerical paragraph 17 with the exception of the word "instead."

18.     With respect to the allegations in numerical paragraph 18, Buc-ee's admits that wheel stops may be utilized to prevent vehicle incursion into pedestrian areas and to delineate parking areas, amongst other uses.  Buc-ee's denies that these are the only uses for wheel stops.  Buc-ee's denies the remaining allegations contained in numerical paragraph 18.

19.     Buc-ee's states that it is without knowledge regarding the allegations referenced in numerical paragraph 19 and therefore, denies those allegations.

20.     Buc-ee's states that numerical paragraph 20 contains no allegations requiring a response from Buc-ee's.  To the extent that a response is required, Buc-ee's is without knowledge or information sufficient to form a belief as to the allegations and therefore, denies those allegations.

21.     Buc-ee's denies the allegations contained in numerical paragraph 21.

4

74844251-D840-44BA-9E08-BE746A796943 : 000004 of 000012

ANS : 000004 of 000012

22.    Buc-ee's is without knowledge or information sufficient to form a belief as to the allegations contained in numerical paragraph 22 and therefore, denies those allegations.

23.    Buc-ee's is without knowledge or information sufficient to form a belief as to the allegations contained in numerical paragraph 23 and therefore, denies those allegations.

24.    Buc-ee's states that the allegations contained in numerical paragraph 24 state legal conclusions to which no response is required.  To the extent that a response is required, Buc-ee's states that it complied with all legal duties owed to its patrons, including Plaintiff, as well as all applicable laws and regulations, on the date and occasion complained of in Plaintiff's Complaint.

25.    Buc-ee's denies the allegations contained in numerical paragraph 25.

26.    Buc-ee's is without knowledge or information sufficient to admit or deny the allegations contained in numerical paragraph 26 and therefore, denies them.

27.    Buc-ee's states that the allegations contained in numerical paragraph 27 state legal conclusions, to which no response is required.  To the extent that a response is required, Buc-ee's is without knowledge or information sufficient to admit or deny the allegations contained in numerical paragraph 27 and therefore, denies them.

28.    Buc-ee's states that the allegations contained in numerical paragraph 28 state legal conclusions, to which no response is required.  To the extent that a response is required, Buc-ee's is without knowledge or information sufficient to admit or deny the allegations contained in numerical paragraph 28 and therefore, denies them.

29.    Buc-ee's admits that different locations operated by different Buc-ee's entities mark the handicap parking stalls in their parking lot in different fashions, in compliance with applicable law and regulations. Buc-ee's further states that it complied with all legal duties owed

74844251-D840-44BA-9E08-BE746A796943 : 000005 of 000012

ANS : 000005 of 000012

Filed          25-CI-01409     09/10/2025          Brandi Duvall, Warren Circuit Clerk

to its patrons, including Plaintiff, as well as all applicable laws and regulations, on the date and occasion complained of in Plaintiff's Complaint.  Buc-ee's denies any remaining allegations contained in numerical paragraph 29.

30.     Buc-ee's admits the allegations contained in numerical paragraph 30 but denies that any change to the handicap stalls was made in response to any particular incident.

31.     Buc-ee's, upon information and belief, admits the allegations contained in numerical paragraph 31.

32.     Buc-ee's denies the allegations contained in numerical paragraph 32.

33.     Buc-ee's is without sufficient knowledge or information necessary to respond to the allegations contained in numerical paragraph 33 and therefore, denies them.

34.     Buc-ee's is without sufficient knowledge or information necessary to respond to the allegations contained in numerical paragraph 34 and therefore, denies them.

35.     Buc-ee's is without knowledge or information sufficient to respond to the allegations contained in numerical paragraph 35 and therefore, denies them.

36.     Upon information and belief, Buc-ee's admits the allegations contained in numerical paragraph 36.

37.     Upon information and belief, Buc-ee's admits the allegations contained in numerical paragraph 37.

38.     Buc-ee's is without sufficient knowledge or information necessary to respond to the allegations contained in numerical paragraph 38 and therefore, denies them.

39.     Buc-ee's is without sufficient knowledge or information necessary to respond to the allegations contained in numerical paragraph 39 and therefore, denies them.

Filed          25-CI-01409     09/10/2025          Brandi Duvall, Warren Circuit Clerk

74844251-D840-44BA-9E08-BE746A796943 : 000006 of 000012

ANS : 000006 of 000012

Filed          25-CI-01409     09/10/2025          Brandi Duvall, Warren Circuit Clerk

40.    Buc-ee's denies the allegations contained in numerical paragraph 40.

41.    Buc-ee's is without sufficient knowledge or information necessary to respond to the allegations contained in numerical paragraph 41 and therefore, denies them.

### AS TO: "COUNT I: NEGLIGENCE/GROSS NEGLIGENCE"

42.    Buc-ee's restates and incorporates its responses to numerical paragraphs 1-41 of the Complaint as if fully set forth herein.

43.    The allegations contained in numerical paragraph 43 recite legal duties, to which no response is required.  To the extent that a response is required, Buc-ee's states that it complied with all legal duties owed to patrons, including Plaintiff, on the date and occasion complained of in Plaintiff's Complaint.

44.    Buc-ee's denies the allegations contained in numerical paragraph 44

45.    Buc-ee's denies the allegations contained in numerical paragraph 45.

46.    Buc-ee's denies the allegations contained in numerical paragraph 46.

47.    Buc-ee's denies the allegations contained in numerical paragraph 47.

48.    Buc-ee's denies the allegations contained in numerical paragraph 48.

### AS TO: "COUNT II: PRE- AND POST-JUDGMENT INTEREST"

49.    Buc-ee's restates and incorporates its responses to numerical paragraphs 1-48 of the Complaint as if fully set forth herein.

50.    Buc-ee's denies the allegations contained in numerical paragraph 50.

51.    Buc-ee's denies all allegations contained in Plaintiff's "WHEREFORE" Clause and Prayer for Relief, including that Plaintiff including that Plaintiff is entitled to any relief from Buc-ee's.

7

74844251-D840-44BA-9E08-BE746A796943 : 000007 of 000012

ANS : 000007 of 000012

Filed    25-CI-01409    09/10/2025    Brandi Duvall, Warren Circuit Clerk

52.    Buc-ee's denies all allegations not expressly admitted.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise reasonable care for his own safety, said failure being a substantial factor in causing the injuries and damages of which Plaintiff complains.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's injuries and damages, if any, were caused by the action or in action of a third-party or third-parties over whom Buc-ee's had no control.

### FIFTH DEFENSE

Any alleged defect or dangerous condition existing on Buc-ee's property at the time of Plaintiff's alleged injury was open and obvious, and Defendant is therefore not responsible for Plaintiff's alleged injuries.

### SIXTH DEFENSE

To the extent that Plaintiff has received insurance or other benefits to which the payor is subrogated to the claims asserted by Plaintiff, the Plaintiff is not the owner of such claims and has no standing to bring them.  At a minimum, Plaintiff's alleged damages, if any, must be reduced by the amount of any such payment received by Plaintiff pursuant to applicable Kentucky law barring double-recovery.

### SEVENTH DEFENSE

Without waiving its denial of liability to Plaintiff, Buc-ee's states that any injuries or damages to Plaintiff may have resulted, in whole or in part, from an intervening act and/or

Filed    25-CI-01409    09/10/2025    Brandi Duvall, Warren Circuit Clerk

superseding causes, including acts of God, over which Buc-ee's had no control or to which Buc-ee's has no responsibility or liability.

### EIGHTH DEFENSE

To the extent that any person or entity exists that has paid any amounts to or for the benefit of Plaintiff for the injuries and damages alleged in the Complaint, and who have not been properly notified of their subrogation rights, the Plaintiff has failed to comply with KRS 411.188, and his Complaint is barred.

### NINTH DEFENSE

Without waiving any denial of liability, Buc-ee's states that any liability assessed against it should be apportioned according to its degree of fault, if any, pursuant to KRS 411.182.

### TENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the provisions of the United States and Kentucky Constitutions.  Further, to the extent punitive damages are disproportionate to the claims for compensatory damages, such an award of punitive damages could violate the Due Process Clause of the Federal Constitution and Section 2 of the Kentucky Constitution.  Further, Buc-ee's is entitled to bifurcation of any such claims for punitive damages and the exclusion of any evidence pertaining to Buc-ee's conduct outside of the Commonwealth of Kentucky.

### ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH DEFENSE

To the extent not already set forth herein, Buc-ee's incorporates by reference all affirmative defenses available to them under CR 8.03.

74844251-D840-44BA-9E08-BE746A796943 : 000009 of 000012

ANS : 000009 of 000012

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent that he failed to mitigate his damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to join necessary and indispensable parties to this action.

## FIFTEENTH DEFENSE

Buc-ee's expressly reserves the right to amend its Answer to the Complaint, if necessary, to raise any defenses which are, or may become, available to it during the course of this Action.

WHEREFORE, Defendants Buc-ee's Smiths Grove, LLC and Buc-ee's Ltd., having fully answered and responded to Plaintiff's Complaint, hereby respectfully demands as follows:

1.      That Plaintiff's Complaint against them be dismissed, with prejudice;

2.      Apportionment of fault against all parties and non-parties who contributed in any way to Plaintiff's alleged damages, pursuant to KRS 411.182;

3.      Their costs herein expended;

4.      Trial by jury; and

5.      For any and all other relief to which they are or may be entitled.

Respectfully submitted,

*/s/ Matthew R. Parsons*
Matthew R. Parsons
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507

*-and-*

10

74844251-D840-44BA-9E08-BE746A796943 : 000010 of 000012

ANS : 000010 of 000012

Filed          25-CI-01409    09/10/2025          Brandi Duvall, Warren Circuit Clerk

M. Grant Grissom
STOLL KEENON OGDEN PLLC
400 W. Market Street, Suite 2700
Louisville, KY 40202
*Counsel for Defendants*

74844251-D840-44BA-9E08-BE746A796943 : 000011 of 000012

ANS : 000011 of 000012

Filed          25-CI-01409    09/10/2025          Brandi Duvall, Warren Circuit Clerk

Filed          25-CI-01409    09/10/2025          Brandi Duvall, Warren Circuit Clerk

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed by the Kentucky Court of Justice eFiling system has been sent via NEF to all eFilers associated with this action and/or has been mailed and/or emailed upon the following this 10th day of September, 2025:

| |
|---|
| Timothy L. Stevenson |
| tim@wehelpkentucky.com |
| Kentucky Injury Law Center |
| 1542 US 31W Bypass #7 |
| Bowling Green, KY 42101 |
| Phone : (270) 846-9303 |
| Fax : (270) 398-4497 |
| |
| *Counsel for Plaintiff* |

*/s/ Matthew R. Parsons*
*Counsel for Defendants*

4934-8314-8135

Filed          25-CI-01409    09/10/2025          Brandi Duvall, Warren Circuit Clerk

74844251-D840-44BA-9E08-BE746A796943 : 000012 of 000012

ANS : 000012 of 000012

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION 2
CIVIL ACTION NO. 25-CI-01409

*Electronically Filed*

ROBERT PRYOR                                                              PLAINTIFF

v.

BUC-EE'S SMITHS GROVE, LLC, *et al.*                              DEFENDANTS

### NOTICE OF SERVICE

PLEASE TAKE NOTICE that Defendant, Buc-ee's Smiths Grove, LLC ("Buc-ee's"), by counsel,

served its First Set of Interrogatories, Requests for Production of Documents, and Requests for

Admissions on this 3rd day of October, 2025.

Respectfully Submitted,

*/s/ M. Grant Grissom*
M. Grant Grissom
STOLL KEENON OGDEN PLLC
400 W. Market Street, Suite 2700
Louisville, KY 40202
grant.grissom@skofirm.com

-and-

Matthew R. Parsons
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
matt.parsons@skofirm.com

*Counsel for Defendants*

Filed                    25-CI-01409        10/03/2025                Brandi Duvall, Warren Circuit Clerk

### CERTIFICATE OF SERVICE

This is to certify that on October 3rd, 2025, a true and correct copy of the foregoing was filed via the Kentucky Court of Justice eFiling system, which will serve a copy on the following counsel of record:

| | |
|---|---|
| Timothy L. Stevenson<br>Kentucky Injury Law Center<br>1542 US 31W Bypass #7<br>Bowling Green, KY 42101<br>Phone : (270) 846-9303<br>Fax : (270) 398-4497<br>tim@wehelpkentucky.com<br><br>*Counsel for Plaintiff* | |

*/s/ M. Grant Grissom*
*Counsel for Defendants*

4905-0387-1080.2

Filed                    25-CI-01409        10/03/2025                Brandi Duvall, Warren Circuit Clerk

Filed          25-CI-01409     10/24/2025          Brandi Duvall, Warren Circuit Clerk

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION 2
CIVIL ACTION NO. 25-CI-01409
*Electronically Filed*

ROBERT PRYOR                                                                      PLAINTIFF

v.

BUC-EE'S SMITHS GROVE, LLC, *et al.*                                         DEFENDANTS

<u>**NOTICE OF SERVICE**</u>

PLEASE TAKE NOTICE that Defendant, Buc-ee's Smiths Grove, LLC ("Buc-ee's"), by counsel,

served its Responses to Plaintiff's First Set of Requests for Production of Documents on this 24th

day of October, 2025.

Respectfully Submitted,

*/s/ Matthew R. Parsons*
M. Grant Grissom
STOLL KEENON OGDEN PLLC
400 W. Market Street, Suite 2700
Louisville, KY 40202
grant.grissom@skofirm.com

-and-

Matthew R. Parsons
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
matt.parsons@skofirm.com

*Counsel for Defendants*

Filed          25-CI-01409     10/24/2025          Brandi Duvall, Warren Circuit Clerk

CF1D5C7F-AFB4-443A-B4CC-DF33E35A4C6C : 000001 of 000002

NO : 000001 of 000002

Filed                    25-CI-01409      10/24/2025                    Brandi Duvall, Warren Circuit Clerk

## CERTIFICATE OF SERVICE

This is to certify that on October 24, 2025, a true and correct copy of the foregoing was filed via the Kentucky Court of Justice eFiling system, which will serve a copy on the following counsel of record:

| | |
|---|---|
| Timothy L. Stevenson<br>Kentucky Injury Law Center<br>1542 US 31W Bypass #7<br>Bowling Green, KY 42101<br>Phone : (270) 846-9303<br>Fax : (270) 398-4497<br>tim@wehelpkentucky.com<br><br>*Counsel for Plaintiff* | |

/s/ Matthew R. Parsons
*Counsel for Defendants*

CF1D5C7F-AFB4-443A-B4CC-DF33E35A4C6C : 000002 of 000002

NO : 000002 of 000002

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
DIVISION 2
CIVIL ACTION NO. 25-CI-01409
[ELECTRONICALLY FILED]

ROBERT PRYOR                                                                    PLAINTIFF

v.          **NOTICE OF SERVICE OF RESPONSES TO REQUESTS FOR ADMISSION**

BUC-EE'S SMITHS GROVE, LLC**, et al.**                                          DEFENDANTS

Comes now the Plaintiff, by counsel, and provides notice he served responses to the Requests for Admission propounded by Defendants this 30th day of October, 2025.

Respectfully Submitted,

/s/ Timothy L. Stevenson
Timothy L. Stevenson, Esq.
Kentucky Injury Law Center
1542 US 31W Bypass #7
Bowling Green, KY 42101
Phone : (270) 846-9303
Fax : (270) 398-4497

*Counsel for Plaintiff*

BAD5CF04-B779-453A-9AC7-99EA252924DD : 000001 of 000002

NO : 000001 of 000002

Filed                25-CI-01409        10/30/2025                Brandi Duvall, Warren Circuit Clerk

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following by electronic mail and/or electronic filing, this 30th day of October, 2025:

M. Grant Grissom, Esq.
STOLL KEENON OGDEN PLLC
400 W. Market Street, Suite 2700
Louisville, KY 40202
grant.grissom@skofirm.com
-and-

Matthew R. Parsons, Esq.
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
matt.parsons@skofirm.com
*Counsel for Defendants*

/s/ *Timothy L. Stevenson*
Timothy L. Stevenson, Esq.